**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com

**MAJARIAN LAW GROUP APC**
Garen Majarian, Esq. (SBN 334104)
Sahag Majarian, II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 263-7343
Facsimile:   (818) 609-0892
E-Mail: garen@majarianlawgroup.com
E-Mail: sahagii@aol.com

Attorneys for Plaintiff BERTHA DOMINGUEZ on
behalf of herself and others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERTHA DOMINGUEZ, on behalf of herself an
all others similarly situated,

                    Plaintiff,

          v.

SONESTA INTERNATIONAL HOTELS
CORPORATION., a Maryland corporation;
and DOES 1 to 10, inclusive,

                    Defendant.

**CASE NO.  3:22-CV-03027-JCS**

**FIRST AMENDED CLASS ACTION COMPLAINT:**

1.  Failure to Pay Overtime Wages in Violation of Labor Code sections 510 and 1198;

2.  Failure to pay all Wages and Minimum Wages in Violation of Labor Code sections 1182, 1194, 1197, 1198;

3.  Failure to Provide Meal Periods in Violation of Labor Code sections 226.7, 512, 516 and 1198;

4.  Failure to Provide Rest Periods in Violation of Labor Code sections 226.7, 516, 1198;

5.  Failure to Timely Furnish Accurate Itemized Wage Statements in Violation of

Labor Code section 226(a);

6. Waiting Time Penalties Pursuant to Labor Code sections 201, 203;

7. Failure to Timely Pay Wages During Employment in Violation of Labor Code section 204;

8. Failure to Provide Sick Pay in Violation of Labor Code section 246;

9. Violations of Business & Professions Code section 17200 et seq.*;*

10. Civil Penalties Pursuant to PAGA *Labor Code* §§ 2698, et seq.

**DEMAND FOR JURY TRIAL**

Complaint Filed : April 7, 2022
Removed to Federal Court : May 23, 2022

FIRST AMENDED COMPLAINT

Plaintiff, BERTHA DOMINGUEZ (hereinafter "Plaintiff") hereby submits her First Amended Complaint against Defendant SONESTA INTERNATIONAL HOTELS CORPORATION, a Maryland corporation; and DOES 1 to 10 (hereinafter referred to as "Defendant") on behalf of herself and the class of all other similarly situated current and former employees of Defendant as follows:

**NATURE OF THE CASE**

1.      This is a class action arising out of Defendant's failure to provide their non-exempt employees with all wages including overtime, meal and rest periods in compliance with the applicable wage order and/or the California Labor Code, by failing to provide sick pay at the regular rate of pay, and by failing to comply with the applicable wage order and/or the Labor Code in regards to the payment of wages.

2.      This is a law enforcement and representative action under the Private Attorneys General Act of the California Labor Code,  arising out of Defendant's failure to provide their non-exempt employees with all wages including overtime, meal and rest periods in compliance with the applicable wage order and/or the California Labor Code, by failing to provide sick pay at the regular rate of pay, and by failing to comply with the applicable wage order and/or the Labor Code in regards to the payment of wages.

3.      Sonesta International Hotels Corporation is an American hotel company headquartered in Newton, Massachusetts. Sonesta has several brands including, Royal Sonesta, Sonesta, Sonesta Select, Sonesta ES Suites, Sonesta Hotels & Resorts, Sonesta Simply Suites, Sonesta Posadas del Inca and Sonesta Cruise Collection.

4.      At all relevant times, Defendant issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position.

5.      Defendant has maintained practices across its locations which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendant has a company-wide policy of failing to accurately record overtime, and subjecting Plaintiff and other non-exempt employees to work off-the-clock.

**1**

6.     Defendant's failure to properly staff its facilities has resulted in a lack of meal period and rest period coverage and prevented Plaintiff and other non-exempt employees from taking compliant meal and rest periods. Moreover, Defendant fails and has failed to include incentive pay and service award pay when calculating the regular rate of pay.

7.     In light of the foregoing, Defendant has failed to provide Plaintiff and other non-exempt employees with compliant wage statements and failed to timely pay wages during employment and final wages upon termination or separation from employment.

8.     Defendant also had a practice of failing to provide Plaintiff and other non-exempt employees with sick pay at the regular rate of pay.

9.     Plaintiff brings Causes of Action One through Nine (the "class claims") as a class action on behalf of herself and other similarly situated individuals who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on her own behalf and on behalf of all Class Members, brings the class claims pursuant to Labor Code sections 200-203, 204, 221, 223, 226, 226.7, 246, 500, 510, 512, 516, 1174, 1194, 1194.2, 1197, 1198, the applicable wage order and under Business & Professions Code sections 17200-17208, for unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices.

10.     Plaintiff is informed and believes, and based thereon alleges, that Defendant has engaged in, among other things a system of willful violations of the Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

**PARTIES**

11.     Plaintiff, Bertha Dominguez is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California. During the relevant time period, Plaintiff worked for Defendant in San Bruno, California from approximately November 2020 through approximately January 7, 2022. Plaintiff worked at Sonesta ES Suites San Francisco Airport. Plaintiff worked as a housekeeper/housekeeping supervisor. Her job duties included but were not limited to, cleaning

1    hotel rooms. Plaintiff earned approximately $23.95 per hour.

2        12.    Plaintiff is informed and believes, and based thereon alleges, that SONESTA

3    HOTELS INTERNATIOAL CORPORATION, is a Maryland corporation. Plaintiff is further

4    informed and believes that at all times relevant hereto, Defendant has transacted, and continues to

5    transact, business throughout the State of California.

6        13.    Plaintiff is informed and believes, and based upon such information and belief

7    alleges, that Defendant is, now and/or at all times mentioned in this Complaint was in some manner

8    legally responsible for the events, happenings and circumstances alleged in this Complaint.

9        14.    Plaintiff is further informed and believes, and based upon such information and

10   belief alleges, that at all times herein mentioned, Defendants proximately caused Plaintiff, all

11   others similarly situated, and the general public to be subjected to the unlawful practices, wrongs,

12   complaints, injuries and/or damages alleged in this Complaint.

13       15.    Plaintiff is informed and believes and based thereon alleges that at all times herein

14   mentioned Defendants and DOES 1 through 10, are and were corporations, business entities,

15   individuals, and partnerships, licensed to do business and actually doing business in the State of

16   California.

17       16.    Plaintiff does not know the true names or capacities, whether individual, partner or

18   corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said

19   Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

20   complaint when the true names and capacities are known. Plaintiff is informed and believes and

21   based thereon alleges that each of said fictitious Defendants were responsible in some way for the

22   matters alleged herein and proximately caused Plaintiff and members of the general public and

23   class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

24       17.    At all times herein mentioned, each of said Defendants participated in the doing of

25   the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

26   Defendants, and each of them, were the agents, servants and employees of each of the other

27   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

28   within the course and scope of said agency and employment.

18.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

19.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

21.     The members of the Classes (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## JURISDICTION AND VENUE

22.     The Court has jurisdiction over this class action pursuant to article 6, section 10 of the California Constitution and Code of Civil Procedure section 410.10.

23.     Additionally, this Court has jurisdiction over Plaintiff's and the Class' claims for injunctive relief, including restitution of earned wages, arising from Defendant's unfair competition under Business & Professions Code section 17203 and 17204. The Court also has jurisdiction over Plaintiff's and the Class' claims pursuant to the applicable provisions.

24.     The Court has jurisdiction over Defendant because it is authorized to do business in

**4**

1    the State of California and is registered with the California Secretary of State. Defendant does

2    sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally

3    avails itself of the California market through the advertising, marketing and sale of goods and

4    services, to render the exercise of jurisdiction over Defendant by the California court consistent

5    with traditional notions of fair play and substantial justice.

6        25.    Venue is proper in San Mateo County because the acts which give rise to this

7    litigation occurred in this county and because Defendant has employed class members in this

8    county and transacts business in this county.

9                                **FACTUAL ALLEGATIONS**

10       26.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

11       27.    Defendant has engaged in, and continues to engage in, unfair business practices in

12   California by practicing, employing and utilizing the employment practices and policies outlined

13   above.

14       28.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

15   members of the Classes have suffered, and continue to suffer substantial losses related to the use

16   and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking

17   to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective

18   damage in amounts according to proof at the time of trial.

19   *Defendant's Failure to Pay Overtime Wages*

20       29.    During the Class Period, upon information and belief, Defendant had, and continues

21   to have, a company-wide policy of failing to pay Plaintiff and members of the Classes all overtime

22   wages.

23       30.    Specifically, California Labor Code section 510 provides that "Any work in excess

24   of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay

25   for an employee." However, Defendant failed to pay Plaintiff and members of the Classes twice the

26   regular rate of pay.

27       31.    By way of example, on Plaintiff's pay statement with the pay date of 12/23/21 she

28   was paid $47.50. However, she should have been paid $47.90, which is twice her rate of pay when

working in excess of 12 hours.

32.    Moreover, Defendant's company-wide policy resulted in a failure to provide Plaintiff and members of the Classes with adequate meal period coverage. Further, Plaintiff and members of the Classes were not relieved of their duties during meal periods. As a result, Plaintiff and other non-exempt employees continued to work during meal periods, because they were required to keep their walkie-talkie on. Thus, Plaintiff and members of the Classes performed work during meal periods for which they were not paid. Defendant knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and members of the Classes were performing assigned duties off-the-clock during meal periods, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and members of the Classes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

33.    Therefore, Plaintiff and members of the Classes were not paid overtime wages for all of the overtime hours they actually worked.

***Defendant's Failure to Pay all Wages and Minimum Wages***

34.    As stated above, during the relevant time period, as a result of Defendant's policy of limiting the amount of overtime employees could accrue, and continuing to work during meal breaks, Plaintiff and other non-exempt employees were forced to work off-the-clock.

35.    To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendant did not pay at least minimum wages for those hours worked off-the-clock.

***Defendant's Failure to Provide Compliant Meal Periods***

36.    As stated above, Defendant had, and continues to have, a company-wide policy and/or practice of preventing Plaintiff and members of the Classes from taking all timely, uninterrupted meal periods to which they were entitled. As a result, Plaintiff and members of the Classes were forced to work in excess of five (5) hours before taking a meal period and, at times, had their meal periods interrupted, and/or had to forgo their meal periods altogether.

37.    For example, Plaintiff always had to have her walkie-talkie on during her meal breaks and was frequently interrupted. Further, Defendant failed to provide a meal period for every

five hours worked. Specifically, Plaintiff would regularly work 10 to 12 hour shifts and would not be provided with a second meal period. Moreover, upon information and belief, Defendant failed to provide meal premiums for each meal break that was interrupted. Additionally, the meal premiums that were paid to Plaintiff and members of the Classes were not paid at the regular rate of pay. Plaintiff and members of the Classes did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

***Defendant's Failure to Provide Compliant Rest Breaks***

38.     During the relevant time period, Defendant regularly failed to authorize and permit Plaintiff and other non-exempt employees to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

39.     Specifically, Plaintiff alleges that she would regularly work 12 hour shifts and would not be provided with a third rest break. When Defendant did provide rest breaks, only 10 minutes of rest were provided, which did not account for the time it took Plaintiff and members of the Classes to walk to and from the break room. Moreover, when rest premiums were paid, Defendant did not pay the premiums at the regular rate of pay, and were instead paid at the base rate of pay.

***Defendant's Failure to Provide Sick Pay***

40.     Defendant underpaid sick pay wages to Plaintiff and members of the Classes by failing to pay such wages at the regular rate of pay in violation of Labor Code Section 246. Specifically, Plaintiff and other non-exempt employees earn incentive pay. Rather than pay sick pay at the regular rate of pay, Defendant underpaid sick pay to Plaintiff and members of the Classes at their base rates of pay.

***Defendant's Failure to Provide Compliant Wage Statements***

41.     During the relevant time period, Defendant has knowingly and intentionally provided Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements. For example, Defendant issued uniform wage statements to Plaintiff and other non-exempt employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for

1    overtime wages and/or meal and rest period premiums, and the corresponding number of hours

2    worked at each hourly rate.

3         42.    Because Defendant did not record the time Plaintiff and other non-exempt

4    employees spent working off-the-clock and deducted time from their meal periods that were

5    interrupted (and therefore time for which they should have been paid), Defendant did not list the

6    correct amount of gross wages and net wages earned by Plaintiff and other non-exempt employees

7    in compliance with Labor Code sections 226(a)(1) and 226(a)(5), respectively.

8         43.    For the same reason, Defendant failed to accurately list the total number of hours

9    worked by Plaintiff and members of the Classes, and failed to list the applicable hourly rates of pay

10   in effect during the pay period and the corresponding accurate number of hours worked at each

11   hourly rate.

12        44.    Because Defendant failed to provide the correct net and gross wages earned,

13   applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and

14   members of the Classes have been prevented from verifying, solely from information on the wage

15   statements themselves, that they were paid correctly and in full. Instead, Plaintiff and members of

16   the Classes have had to look to sources outside of the wage statements themselves and reconstruct

17   time records to determine whether in fact they were paid correctly and the extent of underpayment,

18   thereby causing them injury.

19   ***Defendant's Failure to Timely Pay Final Wage Upon Termination***

20        45.    Defendant willfully failed to pay Plaintiff and members of the Classes who are no

21   longer employed by Defendant the earned and unpaid wages set forth above, including but not

22   limited to, overtime wages, minimum wages, and/or meal/rest period premiums, either at the time

23   of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

24        46.    Specifically, Defendant provided Plaintiff her final check for the period of 12/19/21-

25   1/1/22 on 1/10/22.

26   ***Defendant's Failure to Timely Pay Wages During Employment***

27        47.    Labor Code section 204 requires that all wages earned by any person in any

28   employment between the 1st and the 15th days, inclusive, of any calendar month, other than those

**8**

1    wages due upon termination of an employee, are due and payable between the 16th and the 26th

2    day of the month during which the labor was performed, and that all wages earned by any person in

3    any employment between the 16th and the last day, inclusive, of any calendar month, other than

4    those wages due upon termination of an employee, are due and payable between the 1st and the

5    10th day of the following month.

6        48.    Labor Code section 204 also requires that all wages earned for labor in excess of the

7    normal work period shall be paid no later than the payday for the next regular payroll period.

8    Alternatively, Labor Code section 204 provides that the requirements of this section are deemed

9    satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are

10   paid not more than seven (7) calendar days following the close of the payroll period.

11       49.    During the class period, Defendant willfully failed to pay Plaintiff and members of

12   the Classes all wages due including, but not limited to, minimum wages, and/or meal and rest

13   period premiums, within the time periods specified by Labor Code section 204.

14       50.    Further, Defendant provided Plaintiff her final check for the period of 12/19/21-

15   1/1/22 on 1/10/22.

16   *Facts Regarding Willfulness*

17       51.    Plaintiff is informed and believes, and based thereon alleges, that Defendant is and

18   was advised by skilled lawyers, other professionals, employees with human resources background

19   and advisors with knowledge of the requirements of California wage and hour laws and that at all

20   relevant times, Defendant knew or should have known, that the members of the Classes, including

21   Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation

22   for each day that a meal and/or rest period was not provided and were and are entitled to received

23   pay for all hours worked, accurate itemized wage statements, and final pay in a timely manner.

24   *Unfair Business Practices*

25       52.    Defendant has further engaged in, and continue to engage in, unfair business

26   practices in California by practicing, employing and utilizing the unlawful employment practices

27   and policies outlined above.

28       53.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

**9**

1  members of the Classes have suffered, and continue to suffer substantial losses related to the use

2  and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking

3  to compel Defendant to perform their obligations under state law, all to Plaintiff's and members of

4  the Classes' respective damage in amounts according to proof at the time of trial.

5  ***Plaintiff's Exhaustion of Administrative Remedies***

6       54.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code

7  section 2699.3.

8       55.    By letter dated April 7, 2022, required notice was provided to Labor and Workforce

9  Development Agency ("LWDA") and Defendant, of the specific provisions of the Labor Code

10  alleged to have been violated, including the facts and theories to support the alleged violations.

11      56.    More than sixty-five (65) days have passed since the date the notice was mailed to

12  Defendant and the LWDA, and the LWDA has not responded.

13                          **CLASS ACTION ALLEGATIONS**

14      57.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15      58.    Pursuant to Code of Civil Procedure section 382, this action is brought and may be

16  properly maintained as a class action. This action satisfies the ascertainability, numerosity,

17  commonality, typicality, adequacy, predominance, and superiority requirements of those

18  provisions.

19      59.    Plaintiff brings this suit as a class action on behalf of two classes of individuals

20  defined as follows (collectively the "Classes"):

21      60.    *Plaintiff Class*: All persons who have been, or currently are, employed by Defendant

22  and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in

23  the State of California, at any time since four years prior to filing this action, through the date

24  judgment is rendered in this action.

25      61.    *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended

26  during the Class Period.

27      62.    *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during

28  the class period hundreds of class members have been employed by Defendant as non-exempt

employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

63.    *Common Questions of Law and/or Fact:* Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

a.    Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether Defendant failed to pay Plaintiff and Class Members for all hours worked;

c.    Whether Defendant failed to pay Plaintiff and Class Members all overtime;

d.    Whether Defendant had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Classes;

e.    Whether Defendant had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Classes;

f.    Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Classes with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

g.    Whether Defendant unlawfully and/or willfully failed to timely pay Plaintiff and members of the Classes all wages during employment;

h.    Whether Defendant unlawfully and/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

i.    Whether Defendant failed to pay compliant sick pay to Plaintiff and members of the Classes;

j.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

k.    Whether Defendant's conduct as alleged herein violates the Unfair Business

Practices Act of California (Bus. & Prof. Code, § 17200 et seq.)

64. *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with all wages and meal and rest periods and all wages in compliance with the applicable wage order, or premium compensation at the regular rate in lieu thereof, failing to pay compliant sick pay wages, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

65. *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

66. *Superiority of Class Action:* A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

67. The various claims asserted in this action are additionally or alternatively certifiable

1  under the provisions of the Code of Civil Procedure section 382 because:

2        a.   The prosecution of separate actions by hundreds of individual class members would

3  create a risk or varying adjudications with respect to individual class members, thus establishing

4  incompatible standards of conduct for Defendant, and

5        b.   The prosecution of separate actions by individual class members would also create

6  the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the

7  interest of the other class members who are not a party to such adjudications and would

8  substantially impair or impede the ability of such non-party class members to protect their interests.

9  **FIRST CAUSE OF ACTION**

10  **Unpaid Overtime**

11  **(By Plaintiff and Members of the Putative Class Against Defendant)**

12      68.   Plaintiff incorporates herein by reference the allegations set forth above.

13      69.   At all times relevant herein, which comprise the time period not less than four (4)

14  years preceding the filing of this action, Defendant was required to compensate their hourly

15  employees for all overtime hours worked.

16      70.   California Labor Code sections 510 and 1198 and the applicable Industrial Welfare

17  Commission ("IWC") wage order require employers to pay employees working more than eight (8)

18  hours in a day or more than forty (40) hours in a workweek at the rate of one-and-one-half (1 ½)

19  times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than

20  forty (40) hours in a workweek. The applicable IWC wage order further provides that employers

21  are required to pay employees working more than twelve (12) hours in a day overtime

22  compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay

23  includes all remuneration for employment paid to, or on behalf of, the employee, including

24  nondiscriminatory bonuses and incentive pay.

25      71.   Defendant willfully failed to pay all overtime wages owed to Plaintiff and members

26  of the Classes. During the relevant time period, Plaintiff and members of the Classes were not paid

27  overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess

28  of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. Specifically,

**13**

Defendant failed to pay Plaintiff and members of the Classes twice the regular rate of pay. By way of example, on Plaintiff's pay statement with the pay date of 12/23/21 she was paid $47.50. However, she should have been paid $47.90, which would have been two times her rate of pay.

72.    Moreover, Defendant's company-wide policy resulted in a failure to provide Plaintiff and members of the Classes with adequate meal period coverage, causing Plaintiff and members of the Classes to not be relieved of their duties for compliant meal periods. As a result, Plaintiff and members of the Classes were required to keep their walkie-talkies on and frequently had to work during their meal breaks. Thus, Plaintiff and members of the Classes performed work during meal periods for which they were not paid. Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and members of the Classes were performing assigned duties off-the-clock during meal periods, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and members of the Classes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

73.    Defendant's failure to pay Plaintiff and members of the Classes the balance of overtime compensation, as required by California law, violates the provisions of Labor Code sections 510 and 1198. Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## SECOND CAUSE OF ACTION

### Failure to Pay All Wages

### (By Plaintiff and Members of the Putative Class Against Defendant)

74.    Plaintiff incorporates herein by reference the allegations set forth above.

75.    At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant was required to compensate their hourly employees for all hours worked.

76.    For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented employees from being compensated for all time worked by subjecting Plaintiff and

1   members of the Classes to work off-the-clock as mentioned above.

2   77.    Under the applicable wage order and state regulations, Plaintiff and the Plaintiff

3   Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years

4   preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in

5   accordance with Labor Code section 218.5, and penalties pursuant to Labor Code sections 203 and

6   206.

7   78.    The applicable IWC wage order section 2(G) defines "hours worked" to mean "the

8   time during which an employee is subject to the control of an employer and includes all the time

9   the employee is suffered or permitted to work, whether or not required to do so."

10   79.    Defendant suffered or permitted Plaintiff and members of the Classes to work

11   portions of the day for which Defendant failed to compensate them. This includes time spent under

12   Defendant's control during meal periods.

13   80.    Labor Code section 1194(a) provides in relevant part: "Notwithstanding any

14   agreement to work for a lesser wage, any employee receiving less than the legal minimum wage …

15   is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage

16   … including interest thereon, reasonable attorney's fees, and costs of suit."

17   81.    Labor Code section 1194.2(a) provides in relevant part: "In any action under section

18   1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum

19   wage fixed by an order of the commission, an employee shall be entitled to recover liquidated

20   damages in an amount equal to the wages unlawfully unpaid and interest thereon."

21   82.    Labor Code section 1197 provides: "The minimum wage for employees fixed by the

22   commission is the minimum wage to be paid to employees, and the payment of a less wage than

23   the minimum so fixed is unlawful."

24   83.    Plaintiff is informed and believes, and therefore alleges, that Defendant's

25   compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours

26   spent performing their job duties.

27   84.    For example, Defendant required Plaintiff to keep her walkie-talkie on during meal

28   breaks so that she could communicate with management and other team members. Consequently,

1  Plaintiff and members of the Classes performed work during meal periods for which they were not
2  paid. Defendant knew or should have known that as a result of these company-wide practices
3  and/or policies, Plaintiff and members of the Classes were performing assigned duties off-the-clock
4  during meal periods, and were suffered or permitted to perform work for which they were not paid.

5      85.    The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff
6  Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194,
7  1194.2, and 1197; the applicable IWC wage order section 4; and Business & Professions Code.

8      86.    The failure to pay designated wages to Plaintiff and members of the Plaintiff Class
9  for each and every hour worked violates Labor Code section 221 and 223; the applicable IWC
10  wage order section 3; and Business & Professions Code.

11      87.    During the applicable time period, Defendant has and continues to have a pattern
12  and practice of not providing its employees all wages, by failing to include all compensable time,
13  including time worked off-the-clock.

14      88.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff
15  Class have been damaged in an amount according to proof at time of trial.

16                          **THIRD CAUSE OF ACTION**

17                          **Non-Compliant Meal Breaks**

18          **(By Plaintiff and Members of the Putative Class Against Defendant)**

19      89.    Plaintiff hereby incorporates by reference each and every one of the allegations
20  contained in the preceding paragraphs as if the same were fully set forth herein.

21      90.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class
22  Members regularly worked more than five (5) hours per shift and were entitled to a meal period of
23  not less than thirty (30) minutes without duty.

24      91.    Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant
25  routinely failed to provide Plaintiff and the members of the Classes with such meal periods without
26  duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their
27  right to the same. Thus, Defendant failed to provide Plaintiff and the members of the Classes with
28  meal periods required by Labor Code sections 226.7, 512, 516 and the applicable IWC wage order

**16**

1    section 10, and categorically failed to pay any and all meal period wages due.

2        92.    Plaintiff and Class Members seek damages pursuant to Labor Code section 226.7(b)

3    and the applicable IWC wage order section 10(F), in the amount of one additional hour of pay at

4    the regular rate for each work day that the meal period is/was not provided to Plaintiff and any

5    member of the Classes, the cumulative sum of which is to be determined at trial.

6        93.    Under the foregoing, California employers must provide meal periods and authorize

7    and permit rest periods to all employees during their shifts. In *Augustus et al. v. ABM Security*

8    *Services, Inc*. (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal

9    and rest periods must be "off-duty," which means that employees must be relieved of "all work-

10   related duties," including the duty to remain "on call," and they must be "free from employer

11   control" over how they "spend their time." *Id*. at 264, 269. Employees must have the freedom to

12   use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court*

13   (2012) 53 Cal.4th 1004, 1038-39.

14       94.    When employees must either "remain at the ready and capable of being summoned

15   to action," "respond when the employer seeks contact with [them]," "perform other work if the

16   employer so requests," and/or remain "on call" during their meal and rest periods, the employees

17   have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2

18   Cal.5th at 270. Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid*.

19       95.    The Supreme Court's decision in *Augustus* is just the latest in a series of meal and

20   rest break cases that have affirmed California's broad, protective standard for employees.[1]

21       96.    Moreover, as the mere existence of a facially lawful meal and rest break policy is

22   unavailing if there are practical constraints and pressures on employees to perform their duties in

23   ways that omit breaks. See *Brinker*, *supra*, 53 Cal.4th at 1040.

24

25   ───────────────────

26       [1] *See, e.g.*, *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926 , *rehg. denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D.Cal., Aug. 31, 2017, No. 17-CV-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*.]")

27

28

**17**

97.     Yet Defendant did and does not provide Plaintiff and members of the Classes with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work.

98.     Rather, Plaintiff and members of the Classes' meal periods were typically interrupted as Plaintiff and members of the Classes were required to have their walkie-talkies on during meal periods. Moreover, Defendant failed to provide Plaintiff and members of the Classes with second meal breaks by the tenth hour worked.

99.     Thus, Defendant has failed to perform its obligations to provide Plaintiff and the members of the Classes with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work. Defendant has also failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period, as Defendant failed to consider Plaintiff's and members of the classes' incentive pay in the calculation.

100.    On July 15, 2021, the California Supreme Court issued a decision in *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858 where the court unanimously held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. Defendant fails and has failed to include incentive pay and service award pay when calculating the regular rate, and instead pays meal break premiums at the base rate.

101.    Defendant knew or should have known that as a result of its policies and/or practices, that Plaintiff and members of the Classes were not actually relieved of all duties to take timely, uninterrupted meal periods. Defendant further knew or should have known that it did not pay Plaintiff and members of the Classes all meal period premiums when meal periods were missed, late, short, and/or interrupted. Furthermore, Defendant has engaged in a company-wide practice and/or policy of not paying meal period premiums at the regular rate when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and members of the Classes have not received all premium pay for missed, interrupted, or late meal periods. Accordingly, Defendant failed to provide all meal periods in violation of Labor Code sections

226.7, 512(a), 516, and 1198.

102.    Plaintiff and members of the Classes are entitled to civil penalties, attorney's fees, costs, and interest thereon.

### FOURTH CAUSE OF ACTION

### Non-Compliant Rest Breaks

### (By Plaintiff and Members of the Putative Class Against Defendant)

103.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

104.    Labor Code sections 226.7, 516, and 1198, and the applicable IWC wage order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC. The applicable IWC wage order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours. When Defendant did provide rest breaks, only 10 minutes of rest were provided, which did not account for the time it took Plaintiff and members of the Classes to walk to and from the break room.

105.    Plaintiff is informed and believes, and thereon allege, that Plaintiff and Class Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each and every four (4) hours or major fraction thereof worked during the workday. Specifically, Plaintiff regularly worked 10 to 12 hour shifts and did not receive third rest breaks. Moreover, rest break premiums were not paid at the regular rate of pay pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858 where the court unanimously held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. Specifically, Defendant fails and has failed to

1   include incentive pay and service award pay when calculating the regular rate, and instead pays rest

2   break premiums at the base rate.

3         106.    Plaintiff is informed and believes, and thereon alleges, that Defendant routinely

4   failed to provide Plaintiff and the members of the Classes with such paid rest periods without duty,

5   notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to

6   the same. Thus, Defendant failed to provide Plaintiff and Class Members with rest periods required

7   by Labor Code sections 226.7, 512, and 516, the applicable IWC wage order section 11 and

8   categorically failed to pay any and all rest period wages due.

9         107.    Plaintiff and Class Members seek damages pursuant to Labor section 226.7(b) and

10   the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the

11   regular rate for each work day that the rest period is/was not provided or provided late to Plaintiff

12   and any member of the Classes, the cumulative sum of which is to be determined at trial.

13         108.    Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation

14   for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of

15   suit pursuant to Labor Code section 226.7(b) and the applicable wage order.

16                                 **FIFTH CAUSE OF ACTION**

17                   **Failure to Furnish Accurate Itemized Wage Statements**

18            **(By Plaintiff and Members of the Putative Class Against Defendant)**

19         109.    Plaintiff hereby incorporates by reference each and every one of the allegations

20   contained in the preceding paragraphs as if the same were fully set forth herein.

21         110.    Labor Code section 226(a) and the applicable IWC wage order section 6(B) requires

22   employers to furnish each employee with a statement itemizing, among other things, the total hours

23   worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

24         111.    Labor Code section 226(e) provides that if an employer fails to comply with

25   providing an employee with properly itemized wage statements as set forth in section 226(a), then

26   the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period

27   in which a violation occurs and $100 per employee for each violation in a subsequent pay period,

28   not to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates

FIRST AMENDED COMPLAINT

section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to section 226(a).

112.    Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and the applicable IWC Wage order section 6(B).

113.    Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

114.    Plaintiff is informed and believes, and thereon alleges, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members of the Classes as required under Labor Code section 1174.5. This is a result of missing hours worked, and missed meal and rest-break premiums, as illustrated above.

115.    As a result of not having kept accurate records, Plaintiff and the Class Members suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

116.    Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC wage order. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.

117.    During the relevant time period, Defendant failed, on a company-wide basis, to keep

accurate records of work and meal period start and stop times for Plaintiff and members of the Classes, in violation of Labor Code section 1198. Also, as stated, Defendant engaged in a company-wide practice and/or policy of falsifying Plaintiff's and members of the Classes' time records by recording that compliant meal periods were taken regardless of if compliant meal periods were actually taken, and thereby failed to keep accurate records of meal start and end times for Plaintiff and members of the Classes.

118.     Plaintiff and the members of the Classes herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

119.     Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

120.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

121.     At all times, relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code sections 201-203.

122.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203.

123.     Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

124.     On information and belief, Defendant has a company-wide practice or policy of

1    paying departing employees their final wages late, instead of adhering to the time requirements set

2    forth in Labor Code sections 201 and 202.

3         125.    Specifically, Defendant willfully failed to pay Plaintiff and members of the

4    Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to,

5    overtime wages, minimum wages, and/or meal rest period premiums, either at the time of

6    discharge, or within seventy-two (72) hours of their leaving Defendant's employ. Further,

7    Defendant provided Plaintiff her final check for the period of 12/19/21- 1/1/22 on 1/10/22.

8         126.    Plaintiff and members of the Terminated Sub Class are entitled to recover civil

9    penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

10    <u>**SEVENTH CAUSE OF ACTION**</u>

11    <u>**Failure to Timely Pay Wages During Employment**</u>

12    **(By Plaintiff and Members of the Putative Class Against Defendant)**

13         127.    Plaintiff hereby incorporates by reference each and every one of the allegations

14    contained in the preceding paragraphs as if the same were fully set forth herein.

15         128.    Labor Code section 204 requires that all wages earned by any person in any

16    employment between the 1st and the 15th days, inclusive, of any calendar month, other than those

17    wages due upon termination of an employee, are due and payable between the 16th and the 26th

18    day of the month during which the labor was performed, and that all wages earned by any person in

19    any employment between the 16th and the last day, inclusive, of any calendar month, other than

20    those wages due upon termination of an employee, are due and payable between the 1st and the

21    10th day of the following month.

22         129.    Labor Code section 204 also requires that all wages earned for labor in excess of the

23    normal work period shall be paid no later than the payday for the next regular payroll period.

24    Alternatively, Labor Code section 204 provides that the requirements of this section are deemed

25    satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are

26    paid not more than seven (7) calendar days following the close of the payroll period.

27         130.    During the class period, Defendant willfully failed to pay Plaintiff and members of

28    the Classes all wages due including, but not limited to, minimum wages, and/or meal and rest

period premiums, within the time periods specified by Labor Code section 204. Further, Defendant provided Plaintiff her final check for the period of 12/19/21- 1/1/22 on 1/10/22, more than seven (7) calendar days following the close of payroll.

131.    As a proximate result of the above-mentioned violations. Plaintiff and members of the Classes have been damaged in an amount according to proof at time of trial.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Sick Pay at the Regular Rate

**(By Plaintiff and Members of the Putative Class Against Defendant)**

132.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

133.    A component of Plaintiff's and other Class Members' compensation was Defendant's non-discretionary incentive program that paid Plaintiff and members of the Classes incentive wages based on their performance for Defendant. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by Defendant. However, when calculating the regular rate of pay in order to pay sick pay to Plaintiff and members of the Classes, Defendant failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating sick pay. As a matter of law, the incentive compensation received by Plaintiff and members of the Classes must be included in the "regular rate of pay." The failure to do so has resulted in an underpayment of sick pay to Plaintiff and members of the Classes.

134.    Defendant underpaid sick pay wages to Plaintiff and members of the Classes by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246. Specifically, Plaintiff and members of the Classes earn non-discretionary remuneration. Rather than pay sick pay at the regular rate of pay, Defendant underpaid sick pay to Plaintiff and members of the Classes at their base rates of pay.

135.    13. Cal. Lab. Code Section 246(1)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of

1    employment.

2       136.    Defendant violated Cal. Lab. Code Section 246 by failing to pay sick pay at the

3    regular rate of pay. Plaintiff and members of the Classes routinely earned non-discretionary

4    incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was

5    paid at the base rate of pay for Plaintiff and members of the Classes, as opposed to the correct,

6    higher regular rate of pay, as required under Cal. Lab. Code Section 246.

7       137.    Plaintiff and members of the Classes are entitled to recover civil penalties,

8    attorney's fees, costs, and interest thereon.

9                          **NINTH CAUSE OF ACTION**

10                         **Violation of California**

11              ***Business and Professions Code Section 17200 et seq.***

12           **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

13       138.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

14    forth herein.

15       139.    Business and Professions Code section 17200 defines unfair competition to include,

16    "unlawful, unfair or fraudulent business practices."

17       140.    Plaintiff and all proposed Class Members are "persons within the meaning of

18    Business and Professions Code section 17204, who have suffered injury in fact and have lost

19    money or property as a result of Defendant's unfair competition.

20       141.    Defendant has been committing, and continues to commit, acts of unfair

21    competition by engaging in the unlawful, unfair and fraudulent business practices and acts

22    described in this Complaint, including, but not limited to:

23           a)  violations of Labor Code sections 510, 1198;

24           b)  violations of Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

25           c)  violations of Labor Code sections 226.7, 512, 516, and 1198;

26           d)  violations of Labor Code sections 226, 1174;

27           e)  violations of Labor Code sections 201 and 202;

28           f)  violations of Labor Code section 204;

                                    **25**

1    g)  violations of Labor Code section 246;

2    h)  violations of Labor Code section 223;

3    i)  violations of Labor Code section 1198.

4    142.    As a result of its unlawful, unfair, and/or fraudulent business acts and practices,

5    Defendant has reaped and continue to reap unfair benefits and illegal profits at the expense of

6    Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has

7    also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and

8    competitors.

9    143.    Business and Professions Code section 17203 provides that the Court may restore to

10   an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or

11   fraudulent business acts or practices.

12   144.    Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or

13   fraudulent activity alleged herein.

14   145.    Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff

15   Class are entitled to recover pre-judgment interest on wages earned, but not paid.

16   146.    Plaintiff further seeks an order requiring an audit and accounting of the payroll

17   records to determine the amount of restitution of all unpaid wages owed to herself and members of

18   the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds

19   to be paid to current and former employees that can be identified and located pursuant to a court

20   order and supervision.

21   147.    Plaintiff seeks restitution for herself and all others similarly situated of these

22   amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of

23   Civil Procedure section 1021.5.

24                           **REPRESENTATIVE ALLEGATION**

25                             **TENTH CAUSE OF ACTION**

26               **Civil Penalties Pursuant to PAGA (Labor Code §§ 2698, et seq.)**

27              **(On Behalf of All Aggrieved Employees Against All Defendants)**

28   148.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth

**26**

herein, the allegations contained above.

149. Plaintiff asserts claims for civil penalties as representatives of the State of California, as authorized by the Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.*, and to the extent permitted by law, on behalf of herself and other aggrieved employees who work or worked for Defendant in California at any time beginning April 7, 2021, through the resolution of this action and who are classified by Defendant as non-exempt from the wage and hour provisions of the California Labor Code.

150. Plaintiff is an "aggrieved employee" within the meaning of Labor Code section 2699(c) and is a proper representative to bring a civil action on behalf of herself and other current and former employees of Defendants pursuant to the procedures specified in Labor Code section 2699.3(a) because Plaintiff was employed by Defendants and one or more Labor Code violations alleged herein was against her.

151. Pursuant to Labor Code §§ 118.12, 1194, 1197 and 1198, Defendants are and were required to compensate Plaintiff and aggrieved employees for all hours worked upon reporting for work at the appointed time stated by the employer. By failing to pay Plaintiff and aggrieved employees all minimum wages, Defendant has failed to comply with the Labor Code.

152. Pursuant to Labor Code § 510 and 1198 and the applicable Wage Order, Defendants were required to pay Plaintiff and aggrieved employees for all overtime worked at the correct rate, however failed to do so as a result of requiring Plaintiff and aggrieved employees to work off-the-clock and failed to pay overtime at the correct rate.

153. Pursuant to Labor Code §§ 200, 226.7, 512 and the applicable Wage Order, Defendants are required to provide Plaintiff and aggrieved employees with a meal period of not less than 30 minutes after working five hours, and if an employer fails to provide a meal period, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of pay. Defendants have failed to provide mandated meal periods and have not provided pay in lieu of such meal breaks.

154. Pursuant to Labor Code §§ 200, 226.7, 512 and the applicable Wage Order, Defendants are required to provide Plaintiff and aggrieved employees with a ten-minute rest break per each four hours worked. As rest breaks were not provided, Defendants have failed to comply with the Labor

Code and applicable Wage Order.

155.    Labor Code § 226 requires employers to make, keep and provide true, accurate and complete employment records. Defendants have failed to comply with the Labor Code as it intentionally provided Plaintiff and aggrieved employees with uniform, incomplete, inaccurate wage statements.

156.    Defendant has failed to comply with Labor Code § 246 by failing to pay sick pay at employees' regular rate of pay.

157.    Defendants willfully and knowingly failed to pay Plaintiff and aggrieved employees all accrued compensation within 72 of separation of employ in violation of California Labor Code § 203.

158.    Labor Code § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Defendant failed to timely pay Plaintiff and aggrieved employees all wage during their employment with Defendant.

159.    Pursuant to Labor Code § 2699.3(a)(1)(A), before commencing a civil action, an aggrieved employee must first give notice by online filing with the LWDA and by certified mail to the employer of the alleged violations, including facts and theories to support the allegations. If the LWDA fails to investigate the alleged violations within 65 calendar days of the date of the notice, the aggrieved employee may then file a civil action to seek penalties.

160.    On April 7, 2022, Plaintiff provided written notice of the violations alleged in this Complaint, including the facts and theories supporting her allegations, to the LWDA via online submission, with a certified copy mailed to Defendant. Accordingly, Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties

against Defendant for violations of California Labor Code identified in this Complaint.

161.    Plaintiff and other aggrieved employees hereby seek civil penalties for the Labor Code violations during the applicable limitations period described herein, in the following amounts:

a.  For violations of California Labor Code sections 200, 203, 204, 227.3, 510, 512, 516, 1197, 1194, 1198, 246, $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. Cal. Labor Code § 2699(f);

b.  For violation of California Labor Code Section 226, $250 per employee for an initial violation and one thousand per employee for each subsequent violation. Cal. Labor Code § 226.3.

Pursuant to California Labor Code Section 2699(g), Plaintiff, on behalf of herself and other aggrieved employees, are entitled to an award of reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

1.  For an order certifying the proposed Plaintiff and Terminated Sub-Class;

2.  For an order that counsel for Plaintiff be appointed class counsel

3.  Certification of this class action on behalf of the proposed Plaintiff and Terminated Sub-Class;

4.  Designation of Plaintiff as the class representative of the Plaintiff and Terminated Sub Class;

5.  For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant

6.   An order appointing Plaintiff's counsel as class counsel;

7.  Prejudgment and post judgment interest on all sums awarded;

8.  For compensatory damages;

9.  For penalties pursuant to Labor Code sections 2699, 200, 226, 226.7, 226.3;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 2699

**29**

(g) (1), 226 and 1194;

12. For reasonable attorneys' fees pursuant to Labor Code section 2699 (g) (1) 226 and Code of Civil Procedure section 1021.5, and/or other applicable law; and

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law;

    a.    Labor Code sections 510, 1198 for failing to pay overtime;

    b.    Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198 for failing to pay all wages;

    c.    Labor Code sections 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;

    d.    Labor Code sections 226, 1174 for failing to provide compliant wage statements;

    e.    Labor Code sections 201 and 202 for failing to pay wages at termination;

    f.    Labor Code sections 204 for failing to pay wages timely during employment;

    g.    Labor Code section 246 for failing to pay sick pay wages at the regular rate;

    h.    Business & Professions Code sections 17200-08 for violating the provisions set forth herein above.

14. For all such other and further relief that the Court may deem just and proper.

DATED: October 27, 2022              **BRADLEY/GROMBACHER, LLP**
                                      **MAJARIAN LAW GROUP APC**

                         By:   */s/ Kiley Grombacher*
                              Marcus Bradley, Esq.
                              Kiley Grombacher, Esq.
                              Garen Majarian, Esq.
                              Sahag Majarian, II, Esq.

                              Attorneys for Plaintiff and others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of Plaintiff's and the members of the Classes' claims by jury to the extent authorized by law.

DATED:  October 27, 2022                          **BRADLEY/GROMBACHER, LLP**
                                                   **MAJARIAN LAW GROUP APC**


                                                   By:   */s/ Kiley Grombacher*
                                                        _____
                                                        Marcus Bradley, Esq.
                                                        Kiley Grombacher, Esq.
                                                        Garen Majarian, Esq.
                                                        Sahag Majarian, II, Esq.

                                                        Attorneys for Plaintiff and other similarly situated